IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRENDA K. STANDLEY                                             PLAINTIFF

V.                                NO. 15-5140

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Brenda K. Standley, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 13, 2012, alleging an inability to work since November 1, 2004, due to heart attack, stent in heart; memory problems; irritable bowel syndrome; carpal tunnel syndrome (right wrist); arterial sclerosis; insomnia; high blood pressure; and high cholesterol. (Tr. 116-122, 151, 155). For purposes of DIB, Plaintiff's date last insured was December 31, 2004.

An administrative hearing was held on February 10, 2014, at which Plaintiff appeared with counsel and testified. (Tr. 21-43). By written decision dated February 21, 2014, the ALJ found that during the relevant time period of November 1, 2004, through December 31, 2004,

1

Plaintiff had an impairment or combination of impairments that were severe – coronary arterial sclerosis, stented; and irritable bowel syndrome. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform medium work as defined in 20 CFR 404.1567(c). Pain reduced, but did not significantly limit, her ability to perform basic work activities in order to complete a normal workday and/or workweek on a sustained basis through the date last insured.

(Tr. 12). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would have been able to perform her past relevant work as a home health care aid. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 29, 2015. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's

decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s)

prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

## III.  Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) Whether the ALJ erred in his credibility analysis; 3) Whether the ALJ erred in his RFC determination; 4) Whether the ALJ erred in determining Plaintiff was capable of performing medium work; and 5) Whether the ALJ erred in failing to fully and fairly develop the medical record. (Doc. 10).

### A.  Consideration of Plaintiff's Impairments in Combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr.11).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 11).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 11).  The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments.

(Tr.12). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Plaintiff's argument on this issue is without merit.

### B. Credibility Analysis:

Plaintiff argues that the ALJ neglected to properly address her subjective complaints of pain, which are extremely well documented and fully supported by the medical evidence of record, and failed to employ a proper analysis. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ reported that it was reasonable to assume Plaintiff did experience some limitations prior to the date last insured due to her impairments, but that the degree to which they were functionally limiting was an issue which was very much open to question. (Tr. 13). The ALJ reported that compliance with regular medical treatment and prescribed medications controlled Plaintiff's symptoms prior to the date last insured. (Tr. 13). He also noted Plaintiff's long-term cigarette smoking habit and history of easily provoked

5

anxiety, situational in nature, as being risk factors to Plaintiff's medical condition. (Tr. 13). The ALJ discussed all of the medical evidence, noting that during the relevant time period, on December 16, 2004, Plaintiff had a stent procedure performed (Tr. 288), On December 20, 2004, prior to Plaintiff's discharge from the hospital, a double-contrast upper GI study with small bowel follow-through was performed to complete the workup, and it did not show any abnormalities. (Tr. 238). It was felt that the pain in her abdomen was due to irritable bowel syndrome, which was "no doubt exacerbated by the extreme amount of anxiety that the patient shows at times." (Tr. 226). The Court finds it noteworthy that a few months subsequent to the relevant time period, on April 20, 2005, Plaintiff reported that she had been doing well since the procedure, without recurrence of the marked chest pressure and dyspnea that she experienced with her pain with her acute syndrome, and that Plaintiff continued to smoke cigarettes. (Tr. 289). Plaintiff's smoking habit discredits her disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis

**C. RFC Determination:**

Plaintiff argues that the ALJ erred in finding that Plaintiff would be able to perform light work and her past relevant work.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005);

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In his decision, the ALJ addressed all of Plaintiff's medical records relating to her IBS and heart disease. He noted the results of the November 27, 2002 colonoscopy, revealing no inflammatory disease. (Tr. 13). He also noted that on February 3, 2004, Dr. Michael Rogers planned a comprehensive metabolic profile and repeat colonoscopy and endoscopy, and the results of the CT scan suggested thickening in the rectum, sigmoid, and descending colon without other obvious causes. He also reported the results of the upper GI endoscopy on February 18, 2004, which showed a normal esophagus, erythematous gastropathy, and erythematous duodenopathy, and the biopsies were taken with results showing benign gastric body type mucosa displaying mild superficial chronic gastritis with no evidence of helicobacter pylori organism, dysplasia, or malignancy. (Tr. 13).

The ALJ also had before him the RFC Assessment, completed by Dr. Bill Payne, for the relevant time period, who concluded that the evidence in the file was not sufficient to fully evaluate Plaintiff's claim, and that the evidence could not be obtained. (Tr. 50). In deciding Plaintiff was not disabled, Dr. Payne considered the existing medical records, Plaintiff's statements, and how her condition affected her ability to work. (Tr. 50). On reconsideration, on June 25, 2013, Dr. Clarence Ballard opined Plaintiff was capable of performing medium work at her date last insured. (Tr. 60).

A Psychiatric Review Technique Report was completed on January 11, 2013 by Christal Janssen, Ph.D., who found there was insufficient evidence to rate a mental impairment during the relevant time period. (Tr. 49). On May 13, 2013, Cheryl Woodson-Johnson, Psy.D., concluded there was insufficient evidence to substantiate the presence of a disorder. (Tr. 59).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing her past relevant work as a home health care aid during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**D.  Failure to Fully and Fairly Develop the Record:**

Plaintiff argues the ALJ failed to obtain a Physical RFC Assessment, a Psychiatric Review Technique report, a Mental RFC Assessment, or a consultative psychological evaluation to support his conclusions regarding Plaintiff's RFC. As indicated above, such is not the case. (Tr. 49-50, 59-60). The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds that the evidence before the ALJ provided an adequate basis for

determining the merits of Plaintiff's disability claim and that the ALJ fully and fairly developed the record.

**V.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 31st day of May, 2016..

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE